WILLIAM F. TUCKER v. STATE EX REL. JAMES M. SESSIONS.

[42 South. Rep., 798.]

Code 1906, § 4526, like Code 1892, § 4007, providing that the condi-
tions of eligibility imposed on school trustees under the general
law shall apply to trustees of separate school districts, and that
they shall be subject to the same penalties and to removal from
office by the municipal board for neglect of duty, but containing
the additional provision that no person who is a trustee of a
private sectarian school in the same separate school district shall
be eligible, and Code 1906, § 4527, like Code 1892, § 4008, provid-
ing the terms of school trustees, and declaring that existing
trustees of separate school districts shall remain in office accord-
ing to the terms of their appointment or designation, unless
selected under the general law, the provisions of the code of 1906
are not retroactive so as to cause the removal of trustees of
separate school districts selected under the general law before
said code went into effect, and who were then competent to serve.

FROM the circuit court of Wilkinson county.
HON. MOYSE H. WILKINSON, Judge.

The State of Mississippi, suing on the relation of Sessions,
the appellee, was plaintiff in the court below; Tucker, the appel-
lant, was defendant there. From a judgment in plaintiff's
favor in this a *quo warranto* proceeding the defendant appealed
to the supreme court.

On April 3, 1906, Sessions, then in all respects eligible, was
duly elected and qualified as a trustee of a separate school dis-
trict of the town of Woodville. On December 4, 1906, after the
code of 1906 had become effective, the mayor and board of
aldermen of said town entered an order declaring the trustee-
ship vacant and proceeded to appoint trustees to fill vacancies,
giving as the reason for such action that Sessions was a trustee
of a private sectarian school in the same district and thereby
became ineligible as trustee by virtue of section 4526 of the code

of 1906, which had become operative on October 1, 1906, and which brought forward section 4007, code of 1892, with an additional qualification for ineligibility as a trustee that "any one who is a trustee of a private or sectarian school or college in the same school district shall be ineligible."" Section 4526 is in the following words:

"4526. *The same; how chosen.*—The schools of such district shall be under the control of five trustees, to be elected on the second Monday in April, or at the first regular meeting prior thereto, by the mayor and board of aldermen, or in the manner prescribed by the board; and the trustees shall all be patrons of the school. The conditions of eligibility imposed and powers granted trustees, under the general law, shall apply to trustees of separate school districts, and they shall be subject to the same penalties, and to removal from office by the board for the neglect of duty, but no member of the board of aldermen shall be eligible to the office of trustee; or any one who is a trustee of a private or sectarian school or college in the same separate school district."

Section 4527, Code of 1906, which is the same as section 4008, Code of 1892, so far as it relates to the question involved in this case, is in the following words:

"4527. *The same; term of office.*—The trustees shall be chosen for a term of three years; two being chosen each year for two successive years, and one being chosen during the third year, as vacancies shall occur. In unincorporated districts the vacancies annually-occurring shall be filled as hereto provided for the appointment of trustees of such district. Their term of office shall be three years, and vacancies shall be filled by the mayor and board of aldermen, but vacancies in unincorporated districts shall be filled by the county superintendent of education. Existing trustees of separate school districts shall remain in office according to the terms of their appointment or designation, unless selected under the general law; and where they are

numerous and authorized to act by a smaller number to be selected by them they may continue to do so."

Section 3 of the Code of 1906, referred to in the opinion of the court, is in the following words:

"3. *Former statutes which are revised, repealed.*—From and after the said first day of October, nineteen hundred and six, all acts and parts of acts, the subjects whereof are revised, consolidated, and reënacted in this code, or repugnant to the provisions contained therein, shall be, and the same are hereby, repealed, subject, however, to any express regulations relating thereto which may be contained in this code."

Section 7, Code of 1906, also referred to in the opinion of the court, is in the following words:

"7. *Offices not vacated, etc., except, etc.*—The repeal of any statutory provision which is revised and consolidated in this code, by virtue of which any appointment shall have been made or any office is held, shall not be construed to vacate the office, or in any way to affect the appointment, except when otherwise expressly provided; but the appointment shall continue and the office shall be held subject to the provisions contained in this code."

The defendant, Tucker, demurred to the information; the court below overruled his demurrer, he declined to plead further, and a judgment of ouster was rendered against him.

*D. C. Bramlette,* and *McWillie & Thompson,* for appellant.

By the last clause of section 5426, Code of 1906, a trustee of a private or sectarian school or college located in the same separate school district is ineligible to hold the office of trustee of the public school of that separate school district; and by section 4527 of the same code the mayor and board of aldermen are empowered to fill all vacancies in the office of trustee of the public schools. When Sessions became ineligible to hold the office, he

thereby in law ceased to hold it, and there was a vacancy. Certainly a condition of affairs existed which authorized the mayor and board of aldermen to act in the premises.

It is claimed by counsel on the other side that the last sentence in section 4527, Code of 1906, authorizes Sessions to continue as a trustee; that sentence reads thus: "Existing trustees of separate school districts shall remain in office according to the terms of their appointments, unless selected under the general law." The words, "unless selected under the general law," takes the present case out of the statute and it affords no warrant for the continuance of Sessions in office.

There is no merit in the proposition that section 7 of the code is authority for the retention of the office of Sessions. The addition of the qualification for a school trustee that he shall not be a trustee of a sectarian school is not a repeal of any statutory provision whatever. The last clause of section 7 is incapable of enforcement if the contention of the counsel be correct, because Sessions cannot continue in office and the office be held by him subject to the provision that a trustee of a sectarian school shall not be trustee of a separate school district in which the sectarian school is located. If Sessions is to hold the office at all, he holds it not subject to the provisions of the code, but absolutely in violation of the provision which requires that trustees of public school districts shall not be trustees of sectarian schools located within the district. Sessions may violate the law, but he cannot act as trustee subject to it.

Section 4526, Code of 1906, is not merely prospective. The chapter on schools became operative on the first day of October, 1906. The legislature was not without power to displace a school trustee by superadding an additional qualification, since school trustees have no vested rights in the office. We call the court's attention to the fact that section 3 of the code, relied on by opposing counsel in support of their contention, is without application. The real and only question in this case is whether, there being no constitutional question involved, the addition by

the legislature of a new condition to eligibility to office vacates an office held by one not possessing the additional qualification.

It is well settled law that when an incumbent of one office accepts another incompatible office, a vacancy in the first one is created. 23 Am. & Eng. Ency. Law (2d ed.), 350. And it is equally well settled that where there is no method provided for determining whether a vacancy in fact exists, it follows that, as the office must be filled, the appointing officer is to inquire into and decide whether a vacancy exists. *Ib.*, 351.

When the code took effect it imposed an additional qualification for eligibility to the office of school trustee. Sessions did not possess this qualification. The code section 4526 is the equivalent of a direct enactment by the legislature to the effect that after the first day of October, 1906, no person should be a trustee of a separate school district who was a trustee of a sectarian school in that school district. The legislature had the power to abolish the office of school trustee, and if it had done so, this would have put Sessions out of office. The whole embraces every part, and is greater than any part. If the legislature could have abolished the office, and thus gotten rid of Sessions, it can continue the office upon such conditions as prevent him from occupying the place. When Sessions became ineligible, a vacancy was thereby created, just as the removal from the state vacates any office which the party removing may have held. It is well settled in such case that the appointing power does not have to await a judicial declaration of a vacancy. *State, ex rel.,* v. *Jones,* 19 Ind., 356 (s.c., 81 Am. Dec.,.402) ; *People* v. *Brite,* 55 Cal., 79. Certain it is, as we think, the Code of 1906, § 4526, became operative on October 1, 1906; and certain it is from this record Sessions could not after that date have held the office of public school trustee "subject to the provisions contained in code." If he continued in the office of school trustee, it was not in accordance with the provisions of the code, but in violation of them.

*Green & Green; J. H. Jones,* and *A. G. Shannon,* for appellee.

This provision of section 4526, Code of 1906, does not apply because (1) the section is prospective and could not by its terms become operative before the second Monday of April, 1907; (2) sections 2 and 7, Code of 1906, expressly except the provisions of the Code of 1906 from the operation upon any office or officer then existent, and expressly declare that such provisions "shall not be construed to vacate the office, or in any way to affect the appointment, except when otherwise expressly provided; but the appointment shall continue and the office shall be held subject to the provisions contained in this code;" (3) by the express provisions of section 4527, Code of 1906, "existing trustees of separate school districts shall remain in office according to the terms of their appointment or designation, unless selected under the general law." This provision indicates that the section did not intend to disturb then existing officers. The office of school trustee was continued by the code, and Sessions and Jones were holding office under the statutes, which were revised and consolidated in the code. The only effect of section 4526 is to add a new qualification to the office under the election to be held on the second Monday of April, 1907, and subsequent thereto. It did not vacate the office of school trustee nor declare a person who was also then in office disqualified because he was a trustee of a private or sectarian school. (4) The board of mayor and aldermen were without power to revoke the appointment of a school trustee. After election and disqualification by the board, the board was without power in any manner to declare the office vacant, except as specified in section 4526, Code of 1906, for negligence of duty, and no claim is made here of the existence of such ground. (5) The pretended order of the board of mayor and aldermen, made an exhibit to the information, is on its face void. It proceeds without notice to declare the office of Sessions vacant, and then proceeds to fill the office by the appointment or election of another.

WHITFIELD, C. J., delivered the opinion of the court.

This case is not free from difficulty, because of the clause in section 4527, Code 1906, that "existing trustees shall remain in office unless selected under the general law;" but, taking all the sections referred to together (sections 4000, 4007, of the code of 1892, and sections 3, 7, 4526, 4527, of the code of 1906), it seems to us that the most rational construction to put upon them all, in ascertaining the legislative intent, is that section 4526 and section 4527 of the code of 1906 are prospective in their operation. It does not seem to have been the legislative intent, in the use of the phrase referred to in section 4527, to give it the drastic effect of retroactively removing trustees who were competent to serve at the time of their appointment under the previous code.

*It follows that the judgment is affirmed.*